UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

LAWRENCE WHITFIELD, et al.,

Plaintiffs,

v.   CAUSE NO.: 3:19-CV-692-JD-MGG

WESTVILLE CORRECTIONAL
FACILITY, et al.,

Defendants.

OPINION AND ORDER

Lawrence Whitfield, a prisoner without a lawyer, filed a complaint. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers . . ." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Nevertheless, pursuant to 28 U.S.C. § 1915A, this court must review the complaint and dismiss it if the action is frivolous or malicious, fails to state a claim, or seeks monetary relief against a defendant who is immune from such relief. "In order to state a claim under [42 U.S.C.] § 1983 a plaintiff must allege: (1) that defendants deprived him of a federal constitutional right; and (2) that the defendants acted under color of state law." *Savory v. Lyons*, 469 F.3d 667, 670 (7th Cir. 2006).

In the complaint, Whitfield, who identifies as a member of the Moorish American community, alleges that Chaplain Walton and Chaplain Shultz discriminate against Moorish Americans at the Westville Correctional Facility by canceling religious services

based on allegations of gang activity and drug trafficking. He also asserts that Chaplain Walton and Chaplain Shultz refuse to allow inmates to possess Moorish American religious materials outside of services or to make copies of Moorish American religious materials that are available at the facility, including the Holy Koran of the Moorish Temple Science of America. Religious Director Libel and Commissioner Carter also discriminate against Moorish Americans by prohibiting them from observing Fridays as their holy day of the week and instead forcing them to conduct religious services on Saturday. They also label Moorish Americans as a black Muslim group, and departmental policy violates Moorish American religious beliefs.

Whitfield seeks to file a class action on behalf of Moorish Americans at the Westville Correctional Facility. A class action may proceed only if the class representative "will fairly and adequately represent the interests of the class." Fed. R. Civ. P. 23(a)(4). "Every court that has considered the issue has held that a prisoner proceeding pro se is inadequate to represent the interests of his fellow inmates in a class action." *Caputo v. Fauver*, 800 F. Supp. 168, 169-70 (D. N.J. 1992); *see also Howard v. Pollard*, 814 F.3d 476, 478 (7th Cir. 2015) ("[I]t is generally not an abuse of discretion for a district court to deny a motion for class certification on the ground that a pro se litigant is not an adequate class representative."). This case presents no exception as there is no indication that Whitfield has the necessary legal expertise or the professional qualifications to adequately represent the legal interests of others. Therefore, Whitfield may not pursue a class action in this case.

Whitfield asserts that the defendants have violated his right to exercise his religion as a Moorish American. Prisoners have a right to exercise their religion under the Free Exercise Clause of the First Amendment. *Vinning-El v. Evans*, 657 F.3d 591, 592-93 (7th Cir. 2011). Nevertheless, correctional officials may restrict the exercise of religion if the restrictions are reasonably related to legitimate penological objectives, which include safety, security, and economic concerns. *Turner v. Safley*, 482 U.S. 78, 89-91 (1987). The Religious Land Use and Institutionalized Persons Act (RLUIPA) affords even broader protections than the First Amendment. This act prohibits governmental entities from imposing "a substantial burden on the religious exercise of a person residing in or confined to an institution . . . unless the government demonstrates that imposition of the burden on that person is in furtherance of a compelling governmental interest and is the least restrictive means of furthering that compelling governmental interest." 42 U.S.C. § 2000cc-1(a); *Holt v. Hobbs*, 135 S. Ct. 853 (2015). A restriction imposes a substantial burden on an inmate's religious practice when it "seriously violates or contradicts an inmate's religious beliefs." *West v. Grams*, 607 F. App'x 561, 567 (7th Cir. 2015). Though money damages and injunctive relief are available under the First Amendment, only injunctive relief is available under RLUIPA. *Sossamon v. Texas*, 563 U.S. 277, 285 (2011).

Whitfield plausibly alleges First Amendment claims for money damages against Chaplain Walton and Chaplain Shultz for cancelling his religious services and restricting his access to religious materials. He also plausibly alleges First Amendment claims against Religious Director Libel and Commissioner Carter for prohibiting him

from observing Fridays as his holy day of the week. However, Whitfield may not proceed on the allegations regarding departmental policy and the labelling him as a member of a black Muslim group because it is unclear how these allegations amount to a violation of his right to exercise his religion. Commissioner Carter as the commissioner of the Indiana Department of Correction has both the authority and the responsibility to ensure that Whitfield's right to practice his religion is not violated. *See Gonzalez v. Feinerman*, 663 F.3d 311, 315 (7th Cir. 2011). Therefore, Whitfield may pursue claims for injunctive relief under RLUIPA against Commissioner Carter in his official capacity for religious materials and for him to be allowed to observe Fridays as his holy day of the week.[1]

Whitfield also names the Westville Correctional Facility as a defendant. Though the Westville Correctional Facility is where these events occurred, the prison is a building, not an individual or even a policy-making unit of government that can be sued pursuant to 42 U.S.C. § 1983. *See Sow v. Fortville Police Dep't*, 636 F.3d 293, 300 (7th Cir. 2011). Therefore, this defendant is dismissed.

As a final matter, Whitfield also requests recruitment of counsel. "[T]here is no constitutional or statutory right to court-appointed counsel in federal civil litigation . . ." *Pruitt v. Mote*, 503 F.3d 647, 649 (7th Cir. 2007) (en banc). However, in some circumstances, the court may ask an attorney to volunteer to represent indigent parties.

---

[1] In the complaint, Whitfield also includes a request for a preliminary injunction. While the court is willing to consider whether a preliminary injunction is appropriate, Whitfield should present his request in a separate motion after counsel has entered an appearance on behalf of the defendants.

4

> When confronted with a request under § 1915(e)(1) for pro bono counsel, the district court is to make the following inquiries: (1) has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself?

*Pruitt*, 503 F.3d at 654. Whitfield has not shown that he has made a reasonable attempt at obtaining counsel, nor does he explain why he is unable to litigate this case on his own. Therefore, the request for recruitment of counsel is denied.

For these reasons, the court:

(1) GRANTS Lawrence Whitfield leave to proceed on a claim for money damages against Chaplain Walton and Chaplain Shultz for violating his rights under the Free Exercise Clause by cancelling his religious services and restricting his access to religious materials;

(2) GRANTS Lawrence Whitfield leave to proceed on a claim for money damages against Religious Director Liebel and Commissioner Carter for violating his rights under the Free Exercise Clause by prohibiting him from observing Fridays as his holy day of the week;

(3) GRANTS Lawrence Whitfield leave to proceed on a claim for injunctive relief under the Religious Land Use and Institutionalized Persons Act against Commissioner Carter in his official capacity for religious materials and for him to be allowed to observe Fridays as his holy day of the week;

(4) DISMISSES the Moorish American Community and the Westville Correctional Facility;

(5) DISMISSES all other claims;

5

(6) DIRECTS the clerk and the United States Marshals Service to issue and serve process on Chaplain Walton, Chaplain Schultz, Religious Director Liebel, and Commissioner Carter at the Indiana Department of Correction with a copy of this order and the complaint (ECF 1) as required by 28 U.S.C. § 1915(d); and

(7) ORDERS, pursuant to 42 U.S.C. § 1997e(g)(2), Chaplain Walton, Chaplain Schultz, Religious Director Liebel, and Commissioner Carter to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which Lawrence Whitfield has been granted leave to proceed in this screening order.

SO ORDERED on September 19, 2019

/s/ JON E. DEGUILIO
JUDGE
UNITED STATES DISTRICT COURT