UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| LAWRENCE WHITFIELD, | |
| Plaintiff, | |
| v. | CAUSE NO.: 3:19-CV-692-JD-MGG |
| DAVID LIBEL, et al., | |
| Defendants. | |

OPINION AND ORDER

Lawrence Whitfield, a prisoner without a lawyer, filed a motion for a preliminary injunction to obtain a copy of the Holy Koran of the Moorish Science Temple of America. He states that the Holy Koran of the Moorish Science Temple of America is not available to inmates at the Westville Correctional Facility outside of religious services. He further states that correctional staff have refused to provide him with a copy despite providing copies of religious materials to members of other religions.

The purpose of preliminary injunctive relief is to minimize the hardship to the parties pending the ultimate resolution of the lawsuit." *Platinum Home Mortg. Corp. v. Platinum Fin. Group, Inc.*, 149 F.3d 722, 726 (7th Cir.1998). "In order to obtain a preliminary injunction, the moving party must show that: (1) they are reasonably likely to succeed on the merits; (2) no adequate remedy at law exists; (3) they will suffer irreparable harm which, absent injunctive relief, outweighs the irreparable harm the respondent will suffer if the injunction is granted; and (4) the injunction will not harm

the public interest." *Joelner v. Village of Washington Park, Illinois*, 378 F.3d 613, 619 (7th Cir. 2004).

The Religious Land Use and Institutionalized Persons Act (RLUIPA) prohibits governmental entities from imposing "a substantial burden on the religious exercise of a person residing in or confined to an institution . . . unless the government demonstrates that imposition of the burden on that person is in furtherance of a compelling governmental interest and is the least restrictive means of furthering that compelling governmental interest." 42 U.S.C. § 2000cc-1(a); *Holt v. Hobbs*, 135 S. Ct. 853 (2015). A restriction imposes a substantial burden on an inmate's religious practice when it "seriously violates or contradicts an inmate's religious beliefs." *West v. Grams*, 607 F. App'x 561, 567 (7th Cir. 2015).

In response to the instant motion, the Warden attests that the Holy Koran of the Moorish Science Temple of America is available to inmates at the chapel for the Westville Correctional Facility but that Whitfield cannot access the chapel because he resides in restricted housing due to misconduct. Inmates are not provided with religious texts for personal use through State funds but may be provided with religious texts through donations. Though bibles and traditional Korans have been donated and are available for personal use, the facility has received no donations of the Holy Koran of the Moorish Science Temple of America. Correctional officials would allow Whitfield to purchase the Holy Koran of the Moorish Science Temple of America or to receive a donation.

2

The Warden argues that correctional officials are not required to purchase religious materials for inmates. Whitfield states that he is not asking correctional officials to purchase the Holy Koran of the Moorish Science Temple of America for him but instead seeks copies or a loaner. "Directed at obstructions institutional arrangements place on religious observances, RLUIPA does not require a State to pay for an inmate's devotional accessories." *Cutter v. Wilkinson*, 544 U.S. 709, 720 n.8 (2005); *see also Henderson v. Frank*, 293 F. App'x 410, 413–14 (7th Cir. 2008) (correctional officials not required to purchase religious texts for Taoist inmate). Though Whitfield asserts that he is not asking for the Holy Koran of the Moorish Science Temple of America at the State's expense, the record demonstrates that correctional officials do not currently have a copy available for his use in restricted housing. Consequently, for correctional officials to give or loan him a copy, they would have to either purchase the Holy Koran of the Moorish Science Temple of America or use office supplies that were purchased and would need to be replaced with State funds. Because RLUIPA does not require correctional staff to pay for religious materials, the court DENIES the motion for a preliminary injunction (ECF 31).

SO ORDERED on February 14, 2020

/s/JON E. DEGUILIO
JUDGE
UNITED STATES DISTRICT COURT

3