UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| LAWRENCE WHITFIELD, | |
| Plaintiff, | |
| v. | CAUSE NO. 3:19-CV-692-JD-MGG |
| DAVID LIBEL, et al., | |
| Defendants. | |

OPINION AND ORDER

Lawrence Whitfield, a prisoner without a lawyer, proceeds on a claim against Chaplain Walton and Chaplain Shultz for violating his rights under the Free Exercise Clause by cancelling his religious services and by refusing to provide religious materials, a claim against Religious Director Liebel and Commissioner Carter for violating his rights under the Free Exercise Clause by prohibiting him from observing Fridays as his holy day of the week, and a claim for injunctive relief under the Religious Land Use and Institutionalized Persons Act against Commissioner Carter in his official capacity for religious materials and for him to be allowed to observe Fridays as his holy day of the week. ECF 7. The defendants filed a motion for summary judgment on all claims, arguing that Whitfield failed to exhaust administrative remedies. ECF 44. The defendants also provided Whitfield with the summary judgment notice required by N.D. Ind. L.R. 56-1 and a copy of both Federal Rule of Civil Procedure 56 and Local Rule 56-1. ECF 46.

In a declaration, John Harvil, grievance specialist at the Westville Correctional Facility, attested that a grievance process is available to inmates and is explained to them at orientation. ECF 44-1. The grievance policy is also available to inmates at the law library. *Id.* This policy sets forth a four-step grievance process. ECF 44-2 at 8-13. First, an inmate must attempt to informally resolve a complaint, typically by speaking to the staff member most directly associated with the complaint. *Id.* If the inmate is unable to resolve the complaint informally, he may file a formal grievance with the grievance specialist. *Id.* If an inmate is dissatisfied with the grievance specialist's determination on a formal grievance, he may file an appeal with the warden or his designee. *Id.* Finally, if an inmate is dissatisfied with the warden's determination, he may file an appeal with the department grievance manager. *Id.*

According to the grievance records, Whitfield did not file any grievances with respect to the cancellation of religious services or with respect to Commissioner Carter, Chaplain Schultz, or Director Libel. ECF 44-1. The grievance records contain two informal grievances regarding Chaplain Walton's refusal to provide religious text from May 2019 and August 2019, each signed by Chaplain Walton. ECF 44-6; ECF 44-8. On August 29, 2019, Whitfield submitted a formal grievance regarding religious material, but Grievance Specialist Harvil returned the grievance on the basis that no formal grievances were attached. ECF 44-14; ECF 44-15. On October 9, 2019, Whitfield submitted another formal grievance, explaining that he submitted an informal grievance regarding religious texts to Chaplain Walton but that he never received a response. ECF 44-10. On October 11, 2019, Grievance Specialist Harvil returned the

formal grievance, stating that Chaplain Walton represented that he had never received any informal grievances from Whitfield. ECF 44-11.

Summary judgment must be granted when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A genuine issue of material fact exists when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). To determine whether a genuine issue of material fact exists, the court must construe all facts in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Heft v. Moore*, 351 F.3d 278, 282 (7th Cir. 2003).

Pursuant to 42 U.S.C. § 1997e(a), prisoners are required to exhaust available administrative remedies prior to filing lawsuits in federal court. The Seventh Circuit has taken a "strict compliance approach to exhaustion." *Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006). In other words, "a prisoner who does not properly take each step within the administrative process has failed to exhaust state remedies." *Pozo v. McCaughtry*, 286 F.3d 1022, 1024 (7th Cir. 2002). "To exhaust remedies, a prisoner must file complaints and appeals in the place, and at the time, the prison's administrative rules require." *Id.* at 1025. "[A] suit filed by a prisoner before administrative remedies have been exhausted must be dismissed; the district court lacks discretion to resolve the claim on the merits, even if the prisoner exhausts intra-prison remedies before judgment." *Perez v. Wisconsin Dep't of Corr.*, 182 F.3d 532, 535 (7th Cir. 1999). "Failure to

3

exhaust is an affirmative defense that a defendant has the burden of proving." *King v. McCarty*, 781 F.3d 889, 893 (7th Cir. 2015).

Inmates are only required to exhaust administrative remedies that are available. *Woodford v. Ngo*, 548 U.S. 81, 102 (2006). The availability of a remedy is not a matter of what appears on paper but rather whether the process was in actuality available for the prisoner to pursue. *Kaba v. Stepp*, 458 F.3d 678, 684 (7th Cir. 2006). Thus, when prison staff hinder an inmate's ability to use the administrative process, such as by failing to provide him with the necessary forms, administrative remedies are not considered available. *Id.* In essence, "[p]rison officials may not take unfair advantage of the exhaustion requirement . . . and a remedy becomes 'unavailable' if prison employees do not respond to a properly filed grievance or otherwise use affirmative misconduct to prevent a prisoner from exhausting." *Dole*, 438 F.3d at 809.

Whitfield does not dispute that summary judgment is appropriate with respect to his claims relating to the cancellation of religious services and involving Commissioner Carter, Chaplain Schultz, or Director Libel because he did not attempt to complete the grievance process for these claims. However, he maintains that he attempted to complete the grievance process with respect to Chaplain Walton and his refusal to provide religious text. The defendants concede that Whitfield made some effort but argue that he should have revised his formal grievance and refiled it with the informal grievances as directed in the grievance policy and on the Return of Grievance forms. The defendants' response does not acknowledge Whitfield's representation that he did not receive the informal grievances back from Chaplain Walton. Further, the

grievance records already included the relevant informal grievances; Whitfield explained his efforts at informal resolution in the formal grievances; and Grievance Specialist Harvil told Whitfield that Chaplain Walton denied receiving any informal grievances from Whitfield.[1] Under these circumstances, it is unclear how Whitfield could have persuaded Grievance Specialist Harvil to accept his formal grievance or how the grievance process was otherwise available to Whitfield. Therefore, the motion for summary judgment is denied with respect to the claim against Chaplain Walton for refusing to provide religious materials but granted in all other respects.

Though the record suggests that Whitfield exhausted the available administrative remedies with respect to the religious materials claim, the record suggests an alternative basis for summary judgment. Specifically, on February 14, 2020, the court denied Whitfield's motion for a preliminary injunction for a copy of the Holy Koran of the Moorish Science Temple of America, reasoning that the correctional staff did not have a copy for him to use in restrictive housing and that the Religious Land Use and Institutionalized Persons Act did not require correctional officials to purchase religious materials on behalf of inmates. ECF 59.

The same reasoning applies to Whitfield's remaining claim. Prisoners have a right to exercise their religion under the Free Exercise Clause of the First Amendment.

---

[1] The defendants do not answer the numerous questions raised by this set of facts. They do not explain why Chaplain Walton denied receiving informal grievances from Whitfield even though he signed them or where they obtained the informal grievances if not from Whitfield or Chaplain Walton. It is also unclear why Grievance Specialist Harvil needed informal grievances that were already on file to accept the formal grievances or why Whitfield's explanation that he attempted informal resolution but received no response did not suffice.

*Vinning-El v. Evans*, 657 F.3d 591, 592-93 (7th Cir. 2011). Nevertheless, correctional officials may restrict the exercise of religion if the restrictions are reasonably related to legitimate penological objectives, which include safety, security, and economic concerns. *Turner v. Safley*, 482 U.S. 78, 89-91 (1987). The Religious Land Use and Institutionalized Persons Act (RLUIPA) affords even broader protections than the First Amendment. *See* 42 U.S.C. § 2000cc-1(a); *Holt v. Hobbs*, 135 S. Ct. 853 (2015). "Directed at obstructions institutional arrangements place on religious observances, RLUIPA does not require a State to pay for an inmate's devotional accessories." *Cutter v. Wilkinson*, 544 U.S. 709, 720 n.8 (2005); *see also Henderson v. Frank*, 293 F. App'x 410, 413–14 (7th Cir. 2008) (correctional officials not required to purchase religious texts for Taoist inmate). It thus follows that the Free Exercise Clause also does not require the State to pay for religious materials for inmates. *See Lewis v. Sullivan*, 279 F.3d 526, 528 (7th Cir. 2002) ("[T]here is no constitutional entitlement to subsidy.").

At this time, the evidence demonstrates that Chaplain Walton did not have a copy of the Holy Koran of the Moorish Science Temple of America available for use in restrictive housing. ECF 44-6; ECF 44-8; ECF 50-1. Though the parties have not had the opportunity to conduct discovery on the merits, Whitfield did not contest this fact in his reply in support of his motion for a preliminary injunction. ECF 56. Consequently, Chaplain Walton would not have been required to provide a copy to Whitfield, and summary judgment may be appropriate. Under the Federal Rules of Civil Procedure, the court may, after giving notice and a reasonable time to respond, "consider summary judgment on its own after identifying for the parties material facts that may not be

6

genuinely in dispute." Fed. R. Civ. P. 56(f)(3). Accordingly, the court will allow Whitfield an opportunity to explain why the court should not enter summary judgment on his remaining claim. Whitfield may respond by explaining that he has contrary evidence or that he is entitled to proceed on legal grounds not addressed in this order. He may also respond that he does not have evidence to support his claim but believes he could obtain such evidence through discovery. If Whitfield asks to proceed to discovery, he should include a brief explanation of what facts he seeks to prove and how he intends to obtain evidentiary support of these facts through discovery.

Whitfield filed a motion seeking a court order for law library access at the Lake County Jail. The court grants the motion for law library access to the extent that Whitfield seeks acknowledgement that the court has set a deadline to respond to this order and that Whitfield has a legitimate need for law library access. Whitfield also filed a motion to lift the stay in this case, which affects only discovery. The court declines to lift this stay at this time but will consider whether to lift it after reviewing Whitfield's response to this order.

Finally, Whitfield filed a request for appointment of counsel, citing his inability to access the law library. "There is no right to court-appointed counsel in federal civil litigation." *Olson v. Morgan*, 750 F.3d 708, 711 (7th Cir. 2014) (*citing Pruitt v. Mote*, 503 F.3d 647, 649 (7th Cir. 2007)). However, in some circumstances, the court may ask counsel to volunteer to represent indigent parties.

> When confronted with a request under § 1915(e)(1) for pro bono counsel, the district court is to make the following inquiries: (1) has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively

7

> precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself?

*Pruitt*, 503 F.3d at 654. Whitfield does not indicate that he has any attempt to obtain counsel of his own. Further, Whitfield now proceeds on a Free Exercise claim against a single defendant regarding his access to a religious text. This claim is not particularly factually or legal complex, and his filings show that he is capable of effectively articulating the facts of his case and advocating on behalf of himself. At this stage of the proceedings, Whitfield need only respond to this order. If Whitfield persuades the court to allow him to proceed on his remaining claim, this case will proceed to an evidentiary hearing regarding his efforts to complete the grievance process or to the discovery stage. The court has addressed the law library issue, which was the focus of Whitfield's request for counsel, and nothing else in the record suggests that Whitfield is unable to proceed through the discovery stage on his own. Accordingly, the court finds that Whitfield has not made a reasonable attempt at obtaining counsel and is capable of litigating on his own, and the request for counsel is denied.

For these reasons, the court:

(1) DENIES the motion for summary judgment (ECF 44) with respect to the claim against Chaplain Walton under the Free Exercise Clause for refusing to provide religious materials but GRANTS it in all other respects;

(2) DISMISSES Director Libel, Commissioner Carter, and Chaplain Schultz;

(3) GRANTS Lawrence Whitfield to show cause by <u>October 1, 2020</u>, as to why the court should not enter summary judgment in favor of Chaplain Walton under Fed. R. Civ. P. 56(f);

(4) CAUTIONS Lawrence Whitfield that, if he does not respond by this deadline, the court will dismiss this case without further notice;

(5) DENIES the motion to lift the stay (ECF 80);

(6) GRANTS the motion for law library access (ECF 82); and

(7) DENIES the request for counsel (ECF 84).

SO ORDERED on September 8, 2020

/s/JON E. DEGUILIO
CHIEF JUDGE
UNITED STATES DISTRICT COURT